# THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF LOUISIANA
# NEW ORLEANS DIVISION

| | |
|---|---|
| **KATHLEEN HODGINS** | CIVIL ACTION NO. **13-0173** |
| **VERSUS** | JUDGE |
| **INTERSTATE HOTEL AND RESORTS d/b/a HILTON GARDEN INN NEW ORLEANS CONVENTION CENTER** | MAGISTRATE **SECT. H MAG. 4** |

## COMPLAINT

**NOW INTO COURT,** through undersigned counsels, comes Plaintiff, Kathleen Hodgins, who is a person of full majority, domiciled in the State of Louisiana and who resides in a Parish within this Judicial District, who respectfully represents the following:

## NATURE OF THE ACTION

This is an action bought under the Age Discrimination in Employment Act to provide relief to Kathleen Hodgins, who was adversely affected by such practices. The Plaintiff, Kathleen Hodgins, was subjected to age discrimination and retaliation by the Defendant, Interstate Hotels and Resorts d/b/a Hilton Garden Inn New Orleans Convention Center. As alleged with greater particularity in paragraph eleven below, Plaintiff, Kathleen Hodgins was discharged by the Defendant, following the Plaintiff's protesting the hiring of Julie Pelto (under age 40) for the position of Senior Sales Manager at the Defendant's Hilton Garden Inn New Orleans Convention Center.

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction pursuant to 28 U.S.C. sec. 1332. The amount in controversy exceeds $75,000.00 exclusive of interest and costs.

2. This action is authorized under the Age Discrimination in Employment Act.

Fee $350.00
__ Process _____
X Dktd _____
__ CtRmDep _____
__ Doc. No. _____

1

3. The employment practices alleged to be unlawful were at all times committed in The United States District Court for the Eastern District of Louisiana.

## PARTIES

4. Plaintiff, Kathleen Hodgins, is a resident of Jefferson Parish, Louisiana.

5. At all relevant times, Defendant has continuously been a foreign corporation, authorized to do and doing business in the State of Louisiana and has continuously had at least 15 employees.

6. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Section 701(b), (g) and (h) of Title VII, 42 U.S.C. Sections 2000e-(b), (g) and (h).

7. At all relevant times, all material facts occurred within the jurisdiction of this Court.

## STATEMENT OF CLAIMS

8. More than thirty days prior to the institution of this lawsuit, Kathleen Hodgins filed charges of discrimination with the Equal Employment Opportunity Commission (hereinafter EEOC) under the Age Discrimination in Employment Act (hereafter referred to as the "ADEA") under EEOC Charge Number 461-2012-00340 and Charge Number 4612-2012-01001.

9. The Plaintiff was issued Right to Sue Notices under both charges (461-2012-00340 and 461-2012-01001) with letters dated October 31, 2012. Said letters were received by Plaintiff on or about November 3, 2012.

10. All conditions precedent to the institution of this lawsuit has been fulfilled

11. The Plaintiff, Kathleen Hodgins, had been employed with the Defendant since December of 2007 as the Director of Sales. Sometime in the later part of October, 2011, the defendant sought to fill the position of Senior Sales manager, and the Plaintiff's input was sought in

connection with the selection process. One of the candidates for the position was Julie Pelto (under age 40) who was also the successful candidate. Plaintiff had also recommended that a member of her current staff be interviewed for the position as well as another candidate whom the Plaintiff had worked with previously, both candidates recommended by Plaintiff were over the age of 40 and both had extensive years of experience in the area of hotel sales. The Plaintiff pointed out to the hiring official and the Human Relations supervisor that Ms. Pelto only had two years experience and she had no experience with the "downtown" New Orleans market; and further, that she did not feel Ms. Pelto would be a "good fit" for the current sales teams that had managers with more than 25 years experience. Despite Plaintiff's concerns about the hiring of Ms. Pelto, she was hired and given the position of Senior Sales Manager. On December 2, 2011 Plaintiff received a written warning from the Defendants following a meeting with David Hale, Vice President of Sales & Marketing that stated that the Plaintiff's sales team had not met their goals, and Plaintiff was given a final warning that she was subject to termination. The Plaintiff provided a detailed response to the Defendant refuting the basis for the calculation of the weekly sales reports as well as the goals that were established for the team. Plaintiff also filed the first of her EEO charges (Charge Number 461-2012-00340) wherein Plaintiff complained that the write-up was in retaliation for her protesting the hiring of Julie Pelto, and because of Plaintiff's age 49. Plaintiff continued to work for the defendant until her wrongful discharge on April 5, 2012. During the months that followed the filing of Plaintiff's initial charge of discrimination, Plaintiff was subjected to additional retaliatory actions by the defendant. Those actions were removing Plaintiff's authority to quote hotel rates (authority given to a younger Revenue Manager); and transferring administrative duties from a younger hourly employee to Plaintiff

without providing any additional assistance for Plaintiff. Despite the retaliatory actions of Defendant, Plaintiff continued to perform her job to the best of her ability. The week before Plaintiff's wrongful discharge, Plaintiff was given an above average performance appraisal (Solid Performer) and given a raise, which reflected that Plaintiff had met or exceeded her performance expectations. On April 5, 2012, Defendant discharged Plaintiff alleging Performance related issues. Plaintiff filed a second charge of discrimination (Charge Number 461-2012-01001) against Defendant alleging retaliation for the filing of Plaintiff's first charge of discrimination.

12. The effect of the practices complained of in paragraph 11 above has been to deprive Plaintiff of equal employment opportunities and otherwise adversely affect her status as an employee because of her age; and in retaliation for Plaintiff exercising her right to file a EEO complaint against the Defendant.

13. The effect of the practices complained of in paragraph 11 above has been to deprive Ms. Hodgins of equal employment opportunities and otherwise adversely affect her status as an employee and deny her a job because of her age and in retaliation for her past EEO activities.

14. The unlawful employment practices complained of in paragraph 11 above were intentional.

15. The unlawful employment practices complained of in paragraph 11 above were done with malice or reckless indifference to the federally protected rights of Ms. Hodgins.

16. The unlawful employment practices complained of herein have caused Ms. Hodgins to suffer economic injuries, including but not limited to lost wages, as well as pecuniary and non-pecuniary injuries.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Kathleen Hodgins requests that this Court:

16. The unlawful employment practices complained of herein have caused Ms. Hodgins to suffer economic injuries, including but not limited to lost wages, as well as pecuniary and non-pecuniary injuries.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, Kathleen Hodgins requests that this Court:

A. Grant a permanent injunction enjoining Defendant Employer, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in employment practices which discriminate on the basis of age in violation of the the Age Discrimination in Employment Act, as well as retaliation for engaging in protected activity.

B. Order Defendant Employer, its officers, successors, assigns, to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individual, and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant Employer, its officers, successors, assigns, to make whole Plaintiff, Kathleen Hodgins, by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful practices.

D. Order Defendant Employer, its officers, successors, assigns to make whole, Plaintiff, Kathleen Hodgins, by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraph 11.

E. Order Defendant Employer, its officers, successors, assigns, to make whole, Plaintiff, Kathleen Hodgins, by providing compensation for past and future non-pecuniary losses

resulting from the unlawful practices complained of in paragraph 11, including, but not limited to, emotional pain, suffering, inconvenience, loss of enjoyment of life, lowered self esteem and humiliation, in amounts to be determined at trial.

F. Grant such further relief as the Court deems necessary and proper under the circumstances.

G. Award Plaintiff its cost of this action.

Respectfully submitted,

*Lillian M. Thornton*

Lillian M. Thornton, LSB#25525
48 Heritage Lane
New Orleans, LA 70114
(504) 263-2346
FAX 504-486-8005